IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

CARLOS SOUTO,

    Plaintiff,

v.

HARVEY SANDLER,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, CARLOS SOUTO, [hereinafter referred to as "Fuentes" or "Plaintiff"] by and through his undersigned attorney, hereby files this lawsuit against Defendant, HARVEY SANDLER, and as grounds therefore alleges as follows:

## JURISDICTION & VENUE

1. This is an action for damages as a result of wages owed and is brought pursuant to the Fair Labor Standards Act 29 U.S.C. § 201, et seq. ["The Act"] for unpaid overtime under §207.

2. This court has federal jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

3. Defendant, HARVEY SANDLER [hereinafter referred to as "Defendant"], has a principle place of business located at 17591 Lake Estates Drive, Boca Raton, Florida 33496.

4. Plaintiff worked for Defendant at its location at 17591 Lake Estates Drive, Boca Raton, Florida 33496.

5. Palm Beach, Florida is proper venue for this action because Defendant is located in Palm Beach County, and at all times material hereto, Plaintiff was employed by and had dealings with Defendant in Palm Beach, Florida.

6. Defendant failed to pay Plaintiff the mandatory wages as required under state and federal law.

7. Defendant has annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

8. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

## COMMON ALLEGATIONS

9. Plaintiff has been employed with Defendant since from on or around September 2012 through January 2017 as a housemanager.

10. Plaintiff's job responsibilities include: preparing meals for family and guests, cleaning, doing laundry, ironing and steaming clothing, preparing floral arrangements and caring for plants, grocery shopping, caring for the pets, driving and taking care of guests.

11. Plaintiff is not responsible for the hiring or firing of employees, changing employee pay rates, employee evaluations or setting schedules without approval.

12. Defendant failed to pay Plaintiff the mandatory wages as required under state and federal law.

13. Plaintiff regularly worked over forty (40) hours in a given work week.

14. In November 2016, Plaintiff provided Defendant with a detailed outline of his unpaid overtime hours. Plaintiff was terminated shortly thereafter.

15. Defendant failed to pay Plaintiff overtime as required by Federal law.

16. Plaintiff is a non-exempt employee under the FLSA.

17. Plaintiff was not paid time and one half his hourly rate for hours worked over forty (40) in a work week.

18. Plaintiff's job duties were such that he himself was individually engaged in commerce.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

Plaintiff re-alleges Paragraphs 1 through 18 as set forth herein.

19. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

20. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendant.

21. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

22. Defendant failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

23. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 207. Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

24. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

25. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

26. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

27. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. § 216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## COUNT II
## RETALIATION
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §215

Plaintiff re-alleges Paragraphs 1 through 18 as set forth herein.

28. The Plaintiff was working more than forty (40) hours per week without any overtime compensation.

29. The Plaintiff had a good faith belief that his rights under the FLSA were being violated.

30. The Plaintiff complained in good-faith to the Defendant in November 2016.

31. The Plaintiff's complaints constitute protected activity as that term is defined by the FLSA.

32. After engaging in protected activity, Plaintiff was denied the overtime payments he was entitled and terminated from his employment.

33. After his separation, Plaintiff suffered adverse actions at the hands of the Defendant.

34. A connection exists between the Plaintiff's protected activity and the adverse actions taken by the Defendant. Defendant's adverse actions included but are not limited to Plaintiff's termination.

35. Defendant's adverse actions are in retaliation for Plaintiff's protected activity.

36. Defendant's retaliatory actions were in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section 215.

37. Defendant's retaliatory actions were the result of intentional, willful misconduct, such that Plaintiff is entitled to liquidated damages.

38. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.

39. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216.

40. As a direct and proximate result of the Defendants' action, Plaintiff has suffered damages.

41. As a result of Defendant's conduct, Plaintiff is entitled to damages including liquidated damages, attorney's fees and costs and other penalties allowable by law.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. § 216; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

Plaintiff further demands trial by jury.

Dated this 17th day of August 2017.

> SCOTT WAGNER & ASSOCIATES, P.A.
> Jupiter Gardens
> 250 South Central Boulevard
> Suite 104-A
> Jupiter, FL 33458
> Telephone: (561) 653-0008
> Facsimile: (561) 653-0020
>
> s/Allison B. Duffie
> Allison B. Duffie, Esq.
> Florida Bar No. 649902
> Primary e-mail: ADuffie@scottwagnerlaw.com
> Secondary e-mail: mail@scottwagnerlaw.com
> Secondary Address: 101 Northpoint Parkway
> West Palm Beach, FL 33407
> www.ScottWagnerLaw.com